STATE OF MAINE       DISTRICT COURT
KENNEBEC, SS.       Augusta
            Docket No. RE-16-110

US BANK NATIONAL ASSOC.,  )
     Plaintiff    )
           )
           )
   v.        )
           )  __ORDER ON MOTION FOR__
           )  __SUMMARY JUDGMENT__
           )
AMERICAN BROKERS CONDUIT,  )
     Defendant.   )

Pending before the court is Plaintiff's Motion for Summary Judgment. The named Defendant has not filed an objection. Nevertheless, for the reasons set forth below, the Motion for Summary Judgment must be denied.

1. The affidavit in support of Plaintiff's motion for summary judgment is submitted and signed by Plaintiff's attorney, Carrie Folsom, Esq., Counsel makes several assertions in the affidavit of which it does not appear that she could have actual personal knowledge, such as "[h]aving reviewed the Note and any endorsement(s) or allonge(s)(*sic*)...any interest which the Original Lender (*sic*) might have or claim, was or should have been or was intended to have, has been, as shown on the face of the Note...." To the extent the affiant is attempting to state the intentions of parties or entities with whom the affiant has had no communication, such statements cannot be based on personal knowledge. To the extent the statements in the affidavit are simply legal argument, they violate the requirements of M.R. Civ. P. 56 that the affidavit "shall set forth such facts as would be admissible in evidence." M.R. Civ. P. 56(e). In Greenleaf, 2014 ME 89 plaintiff's counsel was sanctioned for failing to comply with the requirements of Rule 56(h) because the trial court found, among other things, the plaintiff's attorney had inappropriately submitted an affidavit regarding the plaintiff's bookkeeping practices, even though counsel lacked any personal knowledge about those practice. Although the court imposes no sanction at this time, counsel is reminded of the obligation to comply with the applicable standards.

2. Under the Maine Declaratory Judgments Act ("the Act"), it is permissible for the court to enter a declaratory judgment as long as the declaration terminates the controversy or removes an uncertainty and all persons with an interest in the outcome are party to the action. 14 M.R.S. §§ 5958, 5963. When declaratory relief is sought, "all persons shall be made parties who have or

claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding." 14 M.R.S. § 5963.

Plaintiff did not name or serve all necessary parties. Plaintiff only named Defendant American Brokers Conduit, but failed to name the landowners or MERS. In Bank of America v. Metro Mortgaging Co., the court denied the plaintiff's request for default judgment on its action for declaratory judgment because the mortgagee/landowner had not been joined as a party to the action, noting that the mortgagee/landowner had an interest that would be affected by a declaration of who owned the mortgage, as would subsequent purchasers of the property subject to the mortgage. Bank of America v. Metro Mortgaging Co., 2015 Me. Super LEXIS 14. Additionally, as noted above, Plaintiff failed to join MERS in this action, even though the rights of MERS to assign the mortgage would be effected by a declaration by this court. See Fannie Mae v. America's Wholesale Lender, 2016 Me. Super LEXIS 37 (denying the plaintiff's motion for default judgment and judgment on the pleadings in its declaratory judgment action after finding that an affirmation of the mortgage assignments would be a declaration of the rights of MERS another prior assignee bank, who were not parties to the action).

3. Plaintiff's action to quiet title is not appropriate in this case because actions to quiet title are used to confirm legal title to real estate, not to adjudicate ownership interests in a mortgage or note. See 14 M.R.S. §§ 6651-6658.

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment is denied. The Clerk shall set this matter for a pre-trial conference.

This Order may be entered on the docket by reference pursuant to Rule 79 M.R.Civ.P.

October 16, 2017

_____
Judge, Maine District Court